ORDERED.

**Dated:  April 08, 2019**

Cynthia C. Jackson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                                                          CASE NO: 6:18-bk-06126-CCJ
                                                                                      CHAPTER 13
KEVIN EDWARD HAGGERTY,

     Debtor
_____/

## ORDER GRANTING IN PART AND DENYING
## IN PART MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
## REQUEST FOR ORDER GRANTING TWO-YEAR BAR UNDER §362(D)(4)(B)
### (Re:  617 Rosegate Lane, Orlando, FL 32835)

**THIS CASE** came before the Court for hearing on April 2, 2019 at 10:00 A.M. upon the

*Motion for Relief from the Automatic Stay and Request for Order Granting a Two-Year Bar Under*

*§362(D)(4)(B)* (Doc. 28; the "Motion") filed by PennyMac Holdings LLC, its successors and/or

assigns ("Secured Creditor"), and the Court having heard argument of counsel, and being

otherwise more fully advised in the premises, it is

**ORDERED** as follows:

1.     The Motion (Doc. 28) is DENIED in part. The automatic stay continues in full force

and effect as to the real property located at 617 Rosegate Lane, Orlando, FL 32835 (the

"Property"), which is legally described as:

**LOT 28, LAKE ROSE POINTE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 14, PAGE 69, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**

2.     The Motion is GRANTED in part as to the request for two-year bar under 11 U.S.C. § 362(d)(4)(B) if Debtors current case is dismissed for any reason.

3.   This Order is entered for the sole purpose of allowing Secured Creditor, its successors or assigns, to commence or continue through judgment, sale, certificate of title, and possession, a foreclosure against the Property, but Secured Creditor shall neither seek nor obtain any *in personam* relief against the Debtor.

4.   Any communications by Secured Creditor in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout, may be sent directly to the Debtor.

5.     Under 11 U.S.C. §362(d)(4)(B), Secured Creditor shall have *in rem* relief as to the above-referenced property for a period of two years and may record this Order in public records.

6.     In the event this case is dismissed, the Debtor will be further enjoined from seeking a bankruptcy stay on the above-referenced property for a period of two years from the entry of this Order. This Order shall be binding in any other case under this title purporting to affect said property filed not later than two years after the date of the entry of a dismissal order. Any attempt by the Debtor, non-filing Co-Debtor or any other party to invoke the Automatic Stay provisions of 11 U.S.C. §362 on the above-referenced property is hereby annulled until two years from the date of entry of this a dismissal Order.

7.    The Clerk of the Circuit Court shall not cancel any judicial sale of the above-referenced property for the period of two years from the entry of a dismissal Order due solely to the filing of a petition for bankruptcy relief by the Debtor or any entity taking an interest in the property.

Attorney Neisi I. Garcia Ramirez is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.